NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

SEP 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: GARY JAMES SROKA, | No. 20-56303 |
| Debtor, | D.C. No. 8:19-cv-02496-PA |
| GARY JAMES SROKA, | MEMORANDUM* |
| Appellant, | |
| v. | |
| NATIONSTAR MORTGAGE LLC, DBA Mr. Cooper, c/o NBS Default Services, LLC; et al., | |
| Appellees. | |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted September 14, 2021**

Before: PAEZ, NGUYEN, and OWENS, Circuit Judges.

Gary James Sroka appeals pro se from the district court's order affirming the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

bankruptcy court's order dismissing Sroka's adversary proceeding. We have jurisdiction under 28 U.S.C. § 158(d)(1). We review de novo a district court's decision on appeal from the bankruptcy court, and apply the same standard of review the district court applied to the bankruptcy court's decision. *Christensen v. Tucson Estates, Inc. (In re Tucson Estates, Inc.)*, 912 F.2d 1162, 1166 (9th Cir. 1990). We affirm.

The bankruptcy court properly dismissed Sroka's adversary proceeding for lack of standing because Sroka's claims were property of the bankruptcy estate at the time he filed his adversary proceeding, and therefore could only be brought by the trustee. *See* 11 U.S.C. § 541(a)(1) (after commencement of a bankruptcy case, any legal interests of the debtor, including property interests, belongs to the bankruptcy estate); *Cusano v. Klein*, 264 F.3d 936, 945-46 (9th Cir. 2001) (explaining that if a debtor fails to schedule a legal claim in a proper manner, that claim belongs to the bankruptcy estate).

The bankruptcy court did not abuse its discretion by dismissing Sroka's first amended complaint without leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

**AFFIRMED.**

20-56303